IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03262-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

BROADMOOR HOTEL, INC., and
DANA BARTON, Director of Recruitment,

    Defendants.

## ORDER

This case comes before the Court on Defendant Barton's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 22] and on Defendant Broadmoor Hotel, Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [ECF No. 23]. The Court asserts jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. For the following reasons, the motions are granted.

### BACKGROUND

This case arises out of the plaintiff's failure to be hired as a Temporary Stock Clerk for the Broadmoor Hotel in early December 2010. On December 6, 2010 Mr. Edmond interviewed with Defendant Dana Barton, then Director of Recruitment for the Broadmoor Hotel, over the phone. During the call, Mr. Edmond voluntarily stated that he had a felony conviction from

1

1999 for sale of a Schedule II controlled substance. Ms. Barton then informed Mr. Edmond that the Broadmoor Hotel could not hire him because of his felony conviction. She sent Mr. Edmond a letter reiterating this position on December 9, 2010. On or around December 13, 2010, Mr. Edmond filed a charge of discrimination with the EEOC alleging race discrimination in violation of Title VII. The EEOC issued a Right to Sue letter on August 30, 2013. Mr. Edmond received this letter on September 2, 2013 and timely filed this lawsuit on November 29, 2013.

Mr. Edmond asserts three claims for relief against the defendants: (1) race discrimination in violation of Title VII; (2) violation of 42 U.S.C. § 1981; and (3) intentional interference with prospective business relations. The first two claims for relief are asserted against both defendants whereas the third is only asserted against Ms. Barton.

Ms. Barton filed an answer and a motion to dismiss simultaneously on June 24, 2014. The Broadmoor Hotel filed its answer on February 11, 2014 and moved for partial motion for judgment on the pleadings on June 24, 2014. Mr. Edmond failed to respond to either dispositive motion. As such, both motions are now ripe for review.

## ANALYSIS

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual

allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

While a motion to dismiss must be filed prior to or simultaneously with an answer, a motion made after filing the answer should be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). The Court applies the same standard when evaluating 12(b)(6) and 12(c) motions. *Id.*

### A. Title VII.

Ms. Barton has moved to dismiss Mr. Edmond's Title VII claim for failure to state a claim upon which relief can be granted. In particular, Ms. Barton contends that she is not an employer under Title VII, and therefore cannot be sued under the Act. Title VII prohibits discrimination by an "employer." *See* 42 U.S.C. § 2000e-2(a). Under the statue, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The Tenth Circuit has held that an individual supervisor cannot be held personally liable under Title VII. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."). As such, Ms. Barton cannot be held personally liable for the Broadmoor Hotel's alleged discrimination under Title VII and the claim against her must be dismissed. Because the Broadmoor Hotel did not seek a motion for judgment on the pleadings on this claim, the Title VII claim against it remains.

### B. 42 U.S.C. § 1981.

Mr. Edmond alleges that the defendants violated his right under 42 U.S.C. § 1981 to form contracts in the same manner as white citizens when they refused to hire him. According to the Complaint, the defendants refused to hire Mr. Edmond in early December 2010. Because the alleged violation took place nearly three years before Mr. Edmond filed this lawsuit, both defendants have moved to dismiss the claim as time barred.

42 U.S.C. § 1981 does not contain a statute of limitations. The Tenth Circuit has held that "claims under § 1981 relying upon discrimination in *contract formation* . . . [are] governed by residual state statutes of limitations, here two years." *Cross v. The Home Depot*, 390 F.3d 1283, 1288 (10th Cir. 2004) (applying Colorado state law) (emphasis in original). Because Mr. Edmond's claim relies upon the assertion that he was discriminated against in *contract formation*, his claim is subject to a two-year statute of limitations. *See* C.R.S. § 13-80-102; *Cross*, 390 F.3d at 1288. The limitations period begins to run when the plaintiff first knew or should have known of his injury; here, at the time the defendants refused to enter into a contract with Mr. Edmond. *Cf. Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011). The defendants refused to hire Mr. Edmond in early December 2010, nearly three years before he filed this lawsuit. As such, this claim is time barred and must be dismissed.

### C. Intentional Interference with Prospective Business Relations.

Mr. Edmond alleges that Ms. Barton interfered with his prospective employment relationship with Hotel Broadmoor by intentionally misrepresenting the hotel's hiring policy. Ms. Barton argues that this claim is time barred under the applicable statute of limitations. Under Colorado law, tort actions, including ones for interference with relationships, are subject

to a two-year statute of limitations. C.R.S. § 13-80-102(1)(a). Once again, the cause of action accrues when the plaintiff knew or should have known of the allegedly tortious conduct. According to Mr. Edmond, the hotel's employment application "specifically states that a criminal conviction or even a criminal charge pending does not automatically disqualify an applicant from employment," and yet Ms. Barton allegedly stated that the hotel was 'unable to employ individuals with criminal charges." Complaint [ECF No. 1] at p. 5, ¶¶ 3, 5 (emphasis omitted). Though the Complaint does not say when he became aware of the hotel's official policy, Mr. Edmond's charge of discrimination dated December 24, 2010[1] states that "[t]he job application stated that my conviction would not prevent me from being hired." [ECF No. 22-1].[2] The Court therefore finds that Mr. Edmond was aware of the alleged policy violation, and in turn the tortious conduct, by at least December 24, 2010. This lawsuit was not filed until nearly three years later, rendering it time barred by the applicable statute of limitations.

## COSTS

The prevailing party is typically awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. However, the Court finds duplicative defense counsel's filing of two separate answers [ECF Nos. 13 & 21] as well as, in effect, two motions to dismiss [ECF Nos. 22 & 23]. Therefore, while costs will still be awarded, the clerk's office shall disregard any amount that would not have been incurred except for these duplicative filings.

---

[1] It appears that Mr. Edmond filed two charges of discrimination, one on December 13, 2010 with the EEOC and another on December 24, 2010 with the Colorado Civil Rights Division. *Compare* [ECF No. 1 at 5] *with* [ECF No. 22-1].

[2] "[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## ORDER

For the foregoing reasons, Defendant Barton's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 22] and Defendant Broadmoor Hotel, Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [ECF No. 23] are GRANTED. All claims against Ms. Barton have been dismissed. The only claim remaining in this action is Mr. Edmond's Title VII claim against the Broadmoor Hotel.

The parties are hereby ORDERED to contact chambers to set a scheduling conference, which is to take place within the next fourteen (14) days.

As the prevailing party Defendants are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 in an amount to be determined by the clerk's office consistent with this Order.

DATED this 27th day of August, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge