IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03262-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

BROADMOOR HOTEL, INC., and
DANA BARTON, Director of Recruitment,

    Defendants.

---

ORDER

---

    This matter comes before the Court on the defendants' Motion for Attorney's Fees [ECF No. 26]. For the following reasons, the motion is granted in part and denied in part.

    Mr. Edmond filed this lawsuit on December 2, 2013 alleging violations of Title VII and 42 U.S.C. § 1981 as well as tortious interference with prospective business relations. The defendants filed a motion to dismiss and a motion for partial judgment on the pleadings. The motions (which were noticeably duplicative) contended that the claims brought pursuant to 42 U.S.C § 1981 and Colorado tort law were time barred by a two year statute of limitations. The motion to dismiss also alleged that because Ms. Barton was not an "employer" under Title VII any such claim against her warranted dismissal. The Court granted both motions and awarded costs to the defendants pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

The defendants seek an additional award of attorney's fees. First, the defendants contend that they are entitled to the fees incurred in defending against the tort claim pursuant to C.R.S. § 13-17-201. The statute provides that "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." C.R.S. § 13-17-201. The statute likewise applies when a federal court dismisses a supplemental state tort action pursuant to Fed. R. Civ. P. 12(b)(6). *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000). Because the Court dismissed Mr. Edmond's state tort claim pursuant to a 12(b)(6) motion to dismiss, the defendants are entitled to their reasonable attorney's fees incurred in defending against the claim. Since the claim was only asserted against Ms. Barton, only she is entitled to these fees.

The defendants also seek an award of fees incurred in defending against the Title VII claim brought against Ms. Barton and the 42 U.S.C. § 1981 claims brought against both defendants. For these types of actions, an award of fees is available upon a finding that the plaintiff's claims were frivolous, unreasonable, or without foundation. *See Fox v. Vice*, 131 S. Ct. 2205, 2213–14 (2011); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 421 (1978). The fees are not awarded as a matter of right, but are instead available solely in the court's discretion. *See* 42 U.S.C. § 1988(b); 42 U.S.C. § 2000e-5(k).

The Court has reviewed the Complaint, the defendants' two motions, and its previous Order. As a result, the Court finds that Mr. Edmond filed a number of foundationless claims and made no attempt to justify his position, failing in any way to respond to the defendants' motions.

The Court is also aware that Mr. Edmond has previously filed numerous lawsuits in federal court, though the Court has not looked into the merits of those actions or their resolutions. Overall, Mr. Edmond must learn that there are consequences, not for the filing of a lawsuit, but for the filing of claims that are substantially groundless or frivolous. Therefore, an amount of reasonable attorney's fees will be awarded taking into account all relevant circumstances.

The defendants seek $6,916.50 in fees. They allege that their attorney provided a total of 15.9 hours of legal services in connection with the defense of the dismissed claims, which were billed at $435 per hour. The Court does not agree that this amount constitutes a reasonable fee in the circumstances of this case. First, the hours were billed at a partner rate even though there is no indication that the work was of sufficient difficulty that a more junior attorney could not have done much of it. Second, there was obvious duplication in the filings, which the Court discussed in its previous Order. Finally, the plaintiff is *pro se,* whose pleadings must receive a more liberal construction, and he likely will be unable to pay a significant fee award. The Court balances those factors against the fact that plaintiff, a frequent litigant, should know better than to file groundless claims. Even though claims might wholly lack merit, the opposing party must invest time and money in bringing them to the Court's attention. This Court would not be likely to be as forgiving if similar conduct were to occur in the future.

The Court finds that the fees necessarily and reasonably incurred and appropriately awarded against the plaintiff are no more than five hours at the rate of $300 per hour. Accordingly, it is ORDERED that the defendants' Motion for Attorney's Fees [ECF No. 26] is GRANTED IN PART and DENIED IN PART. The defendants are awarded $1,500 in fees to be paid by the plaintiff, Mr. Edmond, within 30 days of the date of this order.

DATED this 15th day of October, 2014.

BY THE COURT:

*signature*

_____

R. Brooke Jackson
United States District Judge