IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03262-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

BROADMOOR HOTEL, INC.,

    Defendant.

---

ORDER

---

This matter comes before the Court on Defendant's Motion to Dismiss with Prejudice [ECF No. 38] and Plaintiff's Motion to Vacate, Set Aside, and/or for Reconsideration of the District Court's Orders of August 27, 2014 and October 15, 2014 [ECF No. 39].[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

This case arises out of the plaintiff's failure to be hired as a Temporary Stock Clerk for the Broadmoor Hotel in early December 2010 due to his disclosure that he had been previously convicted of a drug felony.[2] On December 2, 2013 the plaintiff, Mr. Edmond, filed the present action against the Broadmoor Hotel, Inc. (the "Broadmoor") and Dana Barton, its director of recruitment. Three claims were originally filed: (1) race discrimination in violation of Title VII;

---

[1] The plaintiff has also filed objections to the defendant's motion for leave to file an amended complaint [ECF No. 40], though these were brought more than three months after the Court granted such leave. Based on the Court's forthcoming ruling, these objections are overruled as moot.

[2] The Court need not restate the allegations of the complaint for purposes of this motion. However, a brief recitation can be found in the Court's previous order of August 27, 2014 [ECF No. 24].

1

(2) a violation of 42 U.S.C. § 1981; and (3) intentional interference with prospective business relations. The first two claims for relief were asserted against both defendants whereas the third was only asserted against Ms. Barton. The Court dismissed the latter two claims on the grounds that they were barred by a two-year statute of limitations. The first claim was also dismissed against Ms. Barton as she did not meet the definition of "employer" under Title VII. As such, the only claim remaining is the Title VII claim against the Broadmoor.

**Motion for Reconsideration**

Before discussing the defendant's motion to dismiss, the Court addresses Mr. Edmond's motion to vacate, set aside, and/or for reconsideration of its previous orders. Mr. Edmond moves for relief pursuant to Fed. R. Civ. P. 60(b), which concerns relief from final judgments, orders, or proceedings. The Court liberally construes the motion as one for reconsideration as no final judgment or order has entered in this case.[3]

A motion for reconsideration "may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir.) *cert. denied,* 135 S. Ct. 104 (2014) *reh'g denied,* 135 S. Ct. 745 (2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds that warrant granting such a motion include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. However, "[a] motion to reconsider should not be used to revisit

---

[3] Because Mr. Edmond is appearing *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

2

issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

Mr. Edmond insists that the Court has misapprehended his position and the law in rendering its previous orders in favor of the defendants.[4] However, the arguments he brings in support could have been advanced much earlier, at the time his original responses were due. Instead, Mr. Edmond chose not to respond to either of the motions. Mr. Edmond cannot wait for this Court to rule on a motion before filing a substantive brief defending against it.

Even were the Court to consider his motion in spite of his failure to bring these arguments in the first instance, his arguments lack merit. First, Mr. Edmond did in fact allege a Title VII claim against Ms. Barton. His first claim for relief begins, "The *defendants'* blanket 'no felons' hiring policy violates Title VII of the Civil Rights Act of 1964 . . . ." Complaint [ECF No. 1] at 4 (emphasis added and capitalization omitted).[5] Notably, his third claim for relief is brought against "Defendant Dana Barton" alone. *Id.* at 7. Mr. Edmond knows how to plead a cause of action against just one defendant, yet chose to bring his Title VII claim against both the Broadmoor and Ms. Barton. Even if the first claim for relief was erroneously pled against both defendants, Mr. Edmond would have been on notice of such a mistake at the time the defendants' motions were filed. He could have amended his pleadings to correct the error but chose not to. His failure to do so or to otherwise defend against the motions is not grounds for reconsideration at this late stage.

---

[4] Though only one defendant remains, the Court uses the plural "defendants" when discussing matters that concern both the Broadmoor and Ms. Barton.

[5] The Court cites to the page numbers generated by the CM/ECF electronic filing system.

Mr. Edmond is also incorrect in stating that his claims for relief are not barred by the two-year statute of limitations. First, an intentional interference with contract claim is not in itself a contract claim, but is instead a tort claim. *See* C.R.S. § 13-80-102(1)(a) (including claims for interference with relationships in the category of tort claims). Therefore, it is subject to the two-year statute of limitations. *See id.* Furthermore, it is subject to this limitations period "regardless of the theory upon which suit is brought." *Id.* As such, it is irrelevant whether Ms. Barton intentionally misrepresented information in order to interfere tortiously with the relationship between Mr. Edmond and the Broadmoor. Second, Mr. Edmond is incorrect in arguing that his Section 1981 claim was subject to a four year statute of limitations. Construing his complaint liberally, Mr. Edmond alleged discrimination in contract formation, not in contract performance. Mr. Edmond's claim is not based upon performance of a contract, as no contract for employment was ever entered into between him and the Broadmoor. Instead, the allegedly wrongful act was discriminating against him in the formation of an employment contract, a claim which is subject to a two year statute of limitations in Colorado.

Mr. Edmond's motion for reconsideration is denied. As mentioned above, a motion for reconsideration should not be used to advance arguments that could have been raised earlier. Mr. Edmond could have brought all of these arguments in response to the defendants' initial motions filed in June 2014, nearly nine months before this present motion. Furthermore, a review on the merits shows that there are no substantive grounds supporting reconsideration. The order dismissing all causes of action except for the Title VII claim brought against the Broadmoor stands, as does the Court's order that Mr. Edmond make payment of $1,500 in attorney's fees to the defendants.

### Motion to Dismiss

The remaining defendant moves for dismissal of this action with prejudice based on the plaintiff's failure to comply with the Court's orders and rules, or to otherwise prosecute his case. For the following reasons, the motion is granted.

The Court held a scheduling conference in this case on October 20, 2014. Defense counsel arrived on time and the Court went into session at 1:00 p.m. Mr. Edmond arrived late at 1:20 p.m. *See* Courtroom Minutes [ECF No. 29]. Before his arrival, the Court took note of Mr. Edmond's failure to engage fully in this case. Defense counsel confirmed that Mr. Edmond had not provided initial disclosures, had not participated in a Rule 26(f) meeting, and had failed to participate in preparing the proposed scheduling order. *See id.* Mr. Edmond's failure to serve Ms. Barton for some time (six months) after filing his case, finally effecting service after a show cause order was entered by the Court in early April, was mentioned; and how he had failed to respond to the defendants' motions to dismiss and for judgment on the pleadings (as referenced above); and how he had likewise not responded to the defendants' motion for attorney's fees. After Mr. Edmond arrived, I discussed all of these missteps with him. I asked him explicitly whether he planned on prosecuting this case. He said that he did. I asked him if he would follow the orders and rulings of the Court. He said that he would.

However, Mr. Edmond has never complied with the Court's order to pay attorney's fees to the defendants, which are now about five months overdue. He has also failed to participate in any meaningful way with this case outside of filing the motion to reconsider discussed above, including a failure to respond to the present motion to dismiss. Mr. Edmond has not provided his initial disclosures under Rule 26(a)(1), which were four months overdue at the time the

defendant filed the present motion on February 11, 2015. He has likewise not served responses to the defendant's first set of written discovery, which were two months overdue at the time of filing. The defendant filed a motion to compel on December 19, 2014, to which Mr. Edmond did not respond. Magistrate Judge Mix entered an order on January 16, 2015 compelling the plaintiff to make his initial disclosures and respond to the discovery requests by no later than February 2, 2015, to no avail. [ECF No. 37]. Judge Mix included in her order the following warning: "**Failure to comply with the deadline set forth in this order and to further participate in this lawsuit will subject Plaintiff to sanctions, which may include dismissal of this case.**" *Id.* (emboldening and underlining in original). Mr. Edmond has not heeded her warning.

The discovery cut off is less than a month away. So far next to no discovery has taken place. The defendant has expended considerable resources in defending against an action that the plaintiff simply refuses to prosecute. That ends here.

A district court has discretion to sanction a party for failing to prosecute a case, including dismissing a party's case with prejudice. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2), 37(c), 41(b); D.C.COLO.LCivR 41.1. Of course, dismissal is a severe sanction that must be reserved for the extreme case. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988). Before applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916,

921 (10th Cir. 1992). "[O]nly when these aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Hancock*, 857 F.2d at 1396.

Mr. Edmond has refused to respond to every substantive motion filed by the defendants, has refused to engage in discovery, and has disregarded this Court's orders on more than one occasion. As indicated above, the Court explicitly asked Mr. Edmond whether he intended to prosecute his case and comply with the Court's rulings. He confirmed that he did, but his actions indicate otherwise. He was warned over two months ago that sanctions **would** be ordered should he continue not to participate in the case, including possible dismissal. And yet he has continued to disregard the Court's rulings and to ignore the defendant's motions, including the present motion to dismiss. Applying the factors listed above, the Court finds that

    (1) There has been substantial prejudice to the defendant, which has devoted considerable time and resources to the defense of a case that the plaintiff refuses to prosecute;

    (2) There has been interference with the judicial process as Mr. Edmond has repeatedly failed to comply with the Court's rulings, preventing the Court from administering orderly justice;

    (3) Mr. Edmond is solely to blame for his failure to participate in this case and comply with the Court's orders, which the Court finds to have been done in bad faith;

    (4) Judge Mix warned Mr. Edmond that continued failure to participate in the case would lead to sanctions, including possible dismissal; and

    (5) There is good reason to believe that lesser sanctions would be ineffective, as Mr. Edmond has failed to pay the attorney's fees ordered against him and has (according to defense counsel) indicated that he never intends to pay. It is also unclear what sanctions the Court could order that would undo the prejudice the defendant faces in going to trial without any discovery. Mr. Edmond has demonstrated that both threats of sanctions and actual monetary sanctions are ineffective when it comes to deterring his behavior.

*Cf. Ehrenhaus*, 965 F.2d at 921–22. These aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. In fact, it is unclear how this case could be resolved on its merits when the plaintiff has utterly failed to provide the defendant with essential discovery.

## ORDER

For the foregoing reasons, Plaintiff's Motion to Vacate, Set Aside, and/or for Reconsideration of the District Court's Orders of August 27, 2014 and October 15, 2014 [ECF No. 39] is DENIED. It is further ORDERED that Defendant's Motion to Dismiss with Prejudice [ECF No. 38] is GRANTED. The case is hereby DISMISSED WITH PREJUDICE. In turn, Plaintiff's Objections to Defendants' Motion for Leave to File Amended Answer [ECF No. 40] are OVERRULED AS MOOT.

As the prevailing party, Defendant is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 in an amount to be determined by the clerk's office.

DATED this 8th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge